J-S44039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TRAVIS A. STAMBAUGH :
:
Appellant : No. 2031 MDA 2019

Appeal from the Judgment of Sentence Entered November 15, 2019
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s): CP-44-CR-0000310-2018

BEFORE: BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

DISSENTING MEMORANDUM BY BENDER, P.J.E.: **FILED: JANUARY 6, 2021**

I respectfully disagree with the Majority's conclusion that the trial court properly denied Appellant's request for a jury instruction on justification. Accordingly, I dissent.

As the Majority observes, the Pennsylvania Crimes Code governs self-defense, in relevant part, as follows:

**§ 505. Use of force in self-protection**

**(a) Use of force justifiable for protection of the person.**—The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

**(b) Limitations on justifying necessity for use of force.**—

* * *

(2) The use of deadly force is not justifiable under this section unless the actor believes that such force is

> necessary to protect himself against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat; nor is it justifiable if:
>
>> (i) the actor, with the intent of causing death or serious bodily injury, provoked the use of force against himself in the same encounter; or
>>
>> (ii) the actor knows that he can avoid the necessity of using such force with complete safety by retreating….

18 Pa.C.S. § 505.

Here, in Appellant's statement to police, he admitted that he entered the Victim's bedroom and punched and hit the Victim, but he claimed that the Victim was the one who pulled out the gun. Appellant then "threw [his] weight on [the Victim]" and they tussled over the weapon. During the struggle, the Victim accidentally shot himself. Thus, the injury to the Victim stemmed from Appellant's use of force in fighting the Victim for control of the weapon. Since Appellant was charged with offenses based on the shooting, and there was evidence that the shooting resulted from the force he used in defending himself from the armed Victim, I would conclude that he was entitled to a jury instruction on self-defense.

Moreover, I respectfully disagree with the Majority's conclusion that a self-defense instruction was not warranted because Appellant provoked the incident. In my view, the issue of provocation was properly for the jury to decide, given the contradictory evidence in this case. For instance, while Appellant told police that he punched and slapped the Victim prior to the Victim's pulling a gun, the Commonwealth also introduced a letter that

Appellant wrote in which he claimed that he merely tapped the Victim's shoulder to wake him, at which point the Victim pulled out the firearm and the tussle ensued. If the jury accepted Appellant's statements in the letter, then Appellant did not provoke the actions that led to the Victim's being shot. Alternatively, even if the jury found that Appellant did strike the Victim, it was for the jury to then decide if he did so "with the intent of causing death or serious bodily injury[,]" so as to incite the Victim's act of pulling the gun. 18 Pa.C.S. § 505(a)(i).

In sum, I believe the evidence presented in this case could have supported the jury's finding that the Victim was shot because Appellant acted in self-defense. Accordingly, I would vacate Appellant's judgment of sentence and remand for a new trial.